UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWONE DORNELL GOOLSBY, SR., | No. 2:15-cv-02293-GGH |
| Petitioner, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| JOE LIZARRAGA, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with this action pursuant to 28 U.S.C. § 2254. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Petitioner has not filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a).

Petitioner alleges that, after a June 2015 cell search, some of his personal property was missing, and he has not been able to get relief through the prison's administrative appeals process. ECF No. 1 at 3–4. He claims he has been denied access to the court and to administrative remedies, and that his due process rights have been violated. Id.

A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136,

(1991); <u>Preiser</u>, 411 U.S. at 499; <u>Badea</u>, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.  Here, as petitioner's property and due process claims do not relate to the duration of his confinement, they are not properly brought within this federal habeas action.

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  For the foregoing reasons, and because it does not appear that the petition can be cured by amendment, the court will recommend that the petition be summarily dismissed pursuant to Rule 4.[1]

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court is directed to assign a district judge to this action.

IT IS FURTHER RECOMMENDED that the petition be summarily dismissed pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 3, 2015

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner may re-file any claims concerning prison conditions in an action pursuant to section 1983.  Petitioner is advised that the statutory filing fee for such an action is $350.00.  28 U.S.C. §§ 1914(a), 1915(b)(1).

2